**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | | |
|---|---|---|
| GRUNLEY WALSH INTERNATIONAL LLC<br>5010 Nicholson Lane, Ste. 200<br>Rockville, MD 20852 | ) | |
| Plaintiff, | ) | No. 07-492 |
| v. | ) | Judge Futey |
| UNITED STATES, | ) | |
| Defendant. | ) | |
| and | | |
| AMERICAN INTERNATIONAL<br>CONTRACTORS (SPECIAL PROJECTS), INC<br>4600 N. Fairfax Drive, Suite 1004<br>Arlington, Virginia 22203 | ) | |
| Plaintiff-Intervenor. | ) | |

**INTERVENOR'S COMPLAINT**

**NATURE OF THE CASE**

1. Pursuant to RCFC 24(c), Intervenor American International Contractors (Special Projects), Inc. ("AICI-SP") submits this pleading setting forth the claim for which intervention is sought. AICI-SP is in the identical position as Plaintiff Grunley Walsh International LLC ("GWI") in regard to its pre-qualification status for the Fiscal Year 2007 New Embassy Compounds Design-Build Construction Program ("the NEC Program"). The Department of State ("DOS") withdrew AICI-SP's pre-qualification for the NEC Program for precisely the same reason that it withdrew GWI's pre-qualification. The outcome of GWI's protest of the DOS's action will directly effect AICI-SP's interests.

2. The DOS improperly withdrew AICI-SP's pre-qualification status for the NEC Program, which includes ten embassies around the world. The DOS took this action based upon a reversal of its own longstanding interpretation of section 402 of the Omnibus Diplomatic Security and Antiterrorism Act of 1986, codified at 22 U.S.C. § 4852. The DOS has stated that this reversal was necessitated by a decision by the Government Accountability Office related to a procurement under the FY 2006 NEC Program. However, that GAO decision was erroneous and nonbinding, afforded no deference to DOS's longstanding interpretation of the statute and related regulation, and has serious anti-competitive consequences for the NEC Program. The DOS has stated its intent to issue several solicitations for the FY 2007 NEC program and to award the resulting contracts to other offerors over the course of the next three months. The withdrawal of AICI-SP 's pre-qualification for the FY 2007 NEC Program restricts competition and violates United States laws and regulations.

**JURISDICTION**

2. This is a protest action by an interested party "objecting . . . to a proposed award or the award of a contract" and alleging a "violation of statute or regulation in connection with a procurement or proposed procurement" by a federal agency. This Court has jurisdiction over this protest pursuant to 28 U.S.C. §§ 1491(a) and (b) (2000).

3. AICI-SP is entitled to intervene in this action pursuant to RCFC 24(a) because it claims an interest relating to the transaction which is the subject of this action, namely the NEC Program, and AICI-SP is so situated that the disposition of this action may as a practical matter impair or impede AICI-SP's ability to protect that interest. Alternatively, AICI-SP should be permitted to intervene pursuant to RCFC 24(b) because AICI-SP's claim or defense and this action have a question of la or fact in common. AICI-SP's intervention will not prejudice the adjudication of the rights of the original parties.

## PARTIES

4. AICI-SP is a company incorporated under the laws of the State of Delaware, with headquarters in Arlington, Virginia. AICI-SP is a wholly-owned subsidiary of American International Contractors, Inc ("AICI"). AICI created AICI-SP as a special purpose company to perform classified contracts for the Department of State. If the requested relief is granted, AICI-SP'S pre-qualification for the subject Solicitations would be reinstated, allowing AICI-SP to compete for award of the contracts. AICI-SP, therefore, has standing to pursue this action.

5. Upon information and belief, GWI is a limited liability company incorporated under the laws of the State of Maryland, with headquarters in Rockville, Maryland.

6. The United States has acted through the DOS. Mr. David W. Vivian (703-875-6991) is the Contracting Officer responsible for the procurement,

## STATEMENT OF THE CASE

### The DOS Improperly Withdrew AICI-SP's Pre-qualification Based on the GAO's Erroneous Statutory Interpretation

7. On January 3, 2007, the DOS issued a Notice of Solicitation for Submissions for Contractor Pre-Qualification ("the Pre-qualification Notice") requesting submissions to pre-qualify firms for design-build services for the FY 2007 NEC Program.

8. Section 1 of the Pre-qualification Notice listed the ten anticipated solicitations: SALMEC-07-R-0006 (Ethiopia), SALMEC-07-R0007 (Madagascar), SALMEC-07-R-0009 (Rep. of Congo), SALMEC-07-R-0011 (Burkina Faso), SALMEC-07-R-0012 (Latvia), SALMEC-07-R-0013 (Bosnia), SALMEC-07-R-0014 (Mexico), SALMEC-07-R-0015 (Saudi Arabia), SALMEC-07-R-0016 (Malta), and SALMEC-07-R-0017 (Zambia) (collectively "the Anticipated Solicitations").

9. Section 2 of the Pre-qualification Notice stated that the project solicitation will consist of two phases: "Phase I - Pre-Qualification of Offerors. This announcement of solicitation of pre-qualification submissions is Phase I. DOS will evaluate and rate the pre-qualification submissions based on the procedure and evaluation set forth below. . ." and "Phase II - Requests for Proposals from Pre-Qualified Offerors. Those Offerors determined to be pre-qualified in accordance with this notice will be issued a formal Request for Proposal (RFP) for each project and invited to submit proposed pricing in Phase II. . . ."

10. Section 4 of the Pre-qualification Notice contained the Mandatory Pre-Qualification Requirements. It stated in relevant part:

> Omnibus Diplomatic Security and Antiterrorism Act of 1986. Firms being considered for award under this acquisition are limited to "United States Persons" as defined in the Act. The Offeror must complete and submit as part of its pre-qualification package the pamphlet "Certifications Relevant To Public Law 99-399, Statement of Qualifications for Purpose of Section 402 of the Omnibus Diplomatic Security and Antiterrorism Act of 1986." . . . This is a pass/fail evaluated area. Submissions from Offerors who do not receive a pass rating in this area will not be further evaluated.

11. Section 402 of the Omnibus Diplomatic and Antiterrorism Act of 1986 ("the Act") provides that only "United States persons" meeting the requirements of the Act may qualify to participate in the embassy construction program. The "Certifications Relevant To Public Law 99-399, Statement of Qualifications for Purpose of Section 402 of the Omnibus Diplomatic Security and Antiterrorism Act of 1986" ("the Certifications") restated the section 402 requirements. Each potential offeror completes the Certifications – found at 48 C.F.R. § 652.236-72 – to show that it meets the section 402 requirements, and the DOS accepts or rejects the offeror as being pre-qualified for the NEC Program based on those Certifications.

12. Section 402(c)(2)(E) of the Act states, "The term 'United States person' means a person which—with respect to a construction project under subsection (a)(1), has achieved total business volume equal to or greater than the value of the project being bid in 3 years of the 5-year period before the date specified in subparagraph (c)(i)." This requirement is codified at 22 U.S.C. § 4852(c)(2)(E) and is contained in section 5 of the Certifications.

13. AICI-SP filled out and submitted the Certifications on January 19, 2007. AICI-SP 's submission listed gross receipts for business years 2006, 2005, and 2004. AICI-SP's total business volume for those three years, when aggregated, was greater than the value of the projects listed on the Presolicitation Notice for which AICI sought to pre-qualify.

14. On February 23, 2007, the DOS notified AICI-SP that it was pre-qualified for three projects in the FY 2007 NEC Program based on its January 19, 2007, submission. The DOS had also pre-qualified AICI-SP for FY 2006 on this same basis.

15. On March 8, 2007, Caddell Construction Co. Inc. ("Caddell") filed a bid protest at the GAO ("the Caddell Protest") related to the award of a contract to AICI-SP under the FY 2006 NEC Program. The contract award was under Solicitation No. SALMEC-060C00034/SED for the New Embassy Complex for Djibouti, Djibouti.

16. In its protest to GAO, Caddell claimed that AIC-SP did not qualify for the Djibouti contract because AIC-SP did not meet the business volume requirement of section 402 of the Act. Caddell argued that the statute requires that the offeror's total business volume must be equal to or greater than the value of the solicited project in three individual years out of the five-year period before issuance of the solicitation. The DOS consistently maintained its longstanding interpretation that the business volume criterion is met by an offeror with

<u>cumulative</u> business volume in three years of the five-year period prior to the issuance of the solicitation. AIC-SP supported the DOS's position.

17. The GAO issued its opinion in the Caddell Protest on June 15, 2007. The GAO found that the plain meaning of section 402(c)(2)(E) was ambiguous and that the DOS's longstanding interpretation of the language should be afforded no deference. Instead, the GAO favored Caddell's proposed interpretation – that the language required the offeror to have business volume equal to or exceeding the value of the project in <u>each</u> of three years within the five-year period.

18. In a letter to AICI-SP dated June 21, 2007, the DOS indicated that it felt compelled to follow the business volume standards "recommended" by GAO in the Caddell protest. Under the revised standards, AICI-SP did not pre-qualify for the program because AICI-SP's business volume was not equal to or exceeding the value of the FY 2007 NEC Program projects in <u>each</u> of three years within the five-year period. Accordingly, the DOS withdrew AICI-SP's pre-qualification status for the FY 2007 NEC Program. <u>See</u> Tab 1.

19. The GAO's statutory interpretation was erroneous and failed to give the proper deference due to the DOS's longstanding interpretation of the statute. The DOS should not have withdrawn AICI-SP's pre-qualification based upon revised standards that were the result of GAO's incorrect statutory interpretation.

20. The Court's July 3, 2007 Scheduling Order indicates that Defendant has represented that no contract award under the NEC Program is expected until mid-August of 2007, and sets a briefing schedule on GWI's motion for summary judgment that is apparently intended to allow the Court to resolve the narrow question presented in GWI's protest before mid-August 2007. Accordingly, AICI-SP does not presently seek preliminary injunctive relief.

21. The DOS's withdrawal of AICI-SP's pre-qualification prejudiced AICI-SP because AICI-SP would have had a substantial chance of receiving one or more contract award for the FY 2007 NEC Program. That AICI-SP would be competitive for these contracts is demonstrated by the fact that AICI-SP competed for four contracts in the NEC Program in FY 2006 and won two of them.

22. AICI-SP will be irreparably harmed and will have no adequate remedy at law for the DOS's unlawful actions if the DOS is permitted to proceed with the Anticipated Solicitations and contract awards without AICI-SP's ability to participate. If the NEC Program contracts are awarded to other companies, it will severely damage AICI-SP's business.

23. AICI-SP has incurred significant overhead costs preparing for the FY 2007 competition, including overseas site visits for the Anticipated Solicitation. AICI-SP will lose the opportunity to compete for the award of the NEC Program contracts and will be deprived of profits and business opportunities under the program.

24. The public interest demands injunctive relief to ensure full competition for the NEC Program. Upon information and belief, approximately 13 companies pre-qualified for FY 2007. However, upon information and belief, not all of those contractors will submit proposals for all projects, with some projects having few offerors. Based on the decision in the Caddell Protest, the DOS has withdrawn the pre-qualification of at least three companies. As a result, based upon the number of companies that attended the overseas site visits, some projects may have only one or two offerors. If this Court grants injunctive relief, the DOS will not be permitted to proceed with procurements under such restricted competition.

25. There is no public harm weighing against the requested injunctive relief. Upon information and belief, none of the scheduled projects for the FY 2007 NEC Program need to be

completed on an emergency basis; rather they are all extensive projects that will take up to one to three years to complete. Additionally, the DOS appropriation for the NEC Program is "no-year" funding that will not expire on September 30, 2007.

## CLAIM FOR RELIEF

### Count I – The DOS's Withdrawal of AICI-SP's Pre-qualification Due To a Revised Business Volume Standard Was Irrational and Otherwise Not in Accordance with the Law

26. AICI-SP incorporates by reference paragraphs 1-26 above.

27. The Pre-solicitation Notice stated that an offeror would pre-qualify for the NEC Program for FY 2007 if, *inter alia*, it met the business volume requirement found in section 402(c)(2)(E) of the Act, 22 U.S.C. § 4852(c)(2)(E).

28. The DOS historically interpreted this criterion as requiring the firm to have cumulative business volume equal to or exceeding the value of the project being bid in three years of the five-year period prior to the issuance of the solicitation.

29. Applying its longstanding interpretation of the Act and the related regulation, the DOS found that AICI-SP met the business volume criterion and found AICI-SP to be pre-qualified.

30. The DOS's action in withdrawing AICI-SP's pre-qualification for the FY 2007 NEC Program is an unfair restriction of competition, arbitrary and capricious, irrational, and not in accordance with the law, in violation of 5 U.S.C. § 706(2)(A) (2000).

WHEREFORE, AICI-SP requests that it be granted the relief requested in its Requests for Relief.

## REQUESTS FOR RELIEF

AICI-SP respectfully requests this Court enter judgment in AICI-SP's favor and against Defendant and provide the following relief:

1. a declaratory judgment that the DOS's withdrawal of AICI-SP's pre-qualification for the FY 2007 NEC Program was irrational, arbitrary and capricious, contrary to law, and of no force or effect;

2. a declaratory judgment and an order directing the DOS to reinstate the pre-qualification of AICI-SP for the FY 2007 NEC Program to allow AICI-SP to compete for contract awards thereunder;

3. an order awarding AICI-SP its costs of pursuing this action, including attorney's fees;

4. in the alternative, an order awarding AICI-SP's bid preparation costs; and

5. such other relief as the Court may deem just and appropriate.

Respectfully submitted,

__________/s/_________________

Scott M. Heimberg
(counsel of record)
Thomas P. McLish
AKIN GUMP STRAUSS HAUER & FELD, LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Attorneys for Intervenor
American International Contractors (Special Projects), Inc.

July 19, 2007