United States Department of State

*Washington, D.C. 20520*

June 21, 2007

VIA FACSIMILE (703-524-5377) & U.S. MAIL

Joe Schweitzer
**American International Contractors (Special Projects), Inc**
4600 N Fairfax Drive, Suite 1004
Arlington, VA. 22203

Subject: Withdrawal of Prequalification for Standard Embassy Design, New Embassy Compound (NEC) Design-Build Construction Program and U.S. Person Status

In light of a recent GAO decision in Protest of Caddell Construction Company, B-298949.2 (June 15, 2007) the Department has determined to revise its standards concerning the evaluation and analysis on the information and certifications provided in the Pamphlet, Certifications Relevant To Public Law 99-399, Statement of Qualifications for Purpose of Section 402 of The Omnibus Diplomatic Security and Antiterrorism Act of 1986 (Public Law 99-399).

GAO's decision affects the standards of eligibility for NEC Projects solicitations subject to Section 402 of the Omnibus Diplomatic Security and Anti-Terrorism Act of 1986, 22 U.S.C. 4802, which provides that only "United States persons" and "qualified United States joint venture persons" are eligible to compete for certain diplomatic construction projects.

The GAO held that the Department had incorrectly construed the "business volume" criterion for U.S. person eligibility to permit an offeror to meet the statutory standard if its total business volume in three years of the five-year period prior to the issuance of the solicitation was equal to or exceeded the value of the project being bid. Instead, GAO concluded that the statute required the offeror to have business volume equal to or exceeding the value of the project in each of three years within the five year period.

Pending any further litigation, the Department has decided to follow the recommendations of GAO in the Caddell protest and to apply the standard prescribed by GAO to its FY2007 NEC projects. Based on a reevaluation of the certifications pamphlet provided as part of your prequalification package that conforms to the GAO decision as stated above, it is determined that American International Contractors (Special Projects) Inc. does not meet the requirement of Section 402 (c)(2)(E): "The term 'United States person' means a person which—with respect to a construction project under subsection (a)(1), has achieved total business volume equal to or greater than the value of the project being bid in 3 years of the 5-year period before the date specified in subparagraph (c)(i). Therefore, you are hereby informed that I must withdraw my prior notice of prequalification.

If you have any questions, please give me a call.

David W. Vivian
Contracting Officer